OLIVER BURSAW, AS ADMINISTRATOR OF THE ESTATE OF MINNIE BURSAW, DECEASED v. HENRY PLENGE.[1]

January 16, 1920.

No. 21,594.

**Death by wrongful act — evidence of reckless driving.**

In an action for the wrongful death of plaintiff's intestate, caused by being run over by an automobile negligently operated by defendant, the evidence is *held* to support the verdict, and that there was no reversible error in the rulings of the court in the admission or exclusion of evidence.

Action in the district court for Martin county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Dean, J., and a jury which returned a verdict for $2,000. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Paul C. Cooper* and *C. F. Gaarenstroom,* for appellant.

*Haycraft & McCune,* for respondent.

BROWN, C. J.

Action for the death of plaintiff's intestate alleged to have been caused by the negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying a new trial.

Decedent and her husband were driving a team of horses hitched to a two seated buggy along one of the streets of the city of Fairmont. The horses became unmanageable and ran away. To protect herself from injury that might result from the runaway if she remained in the buggy, decedent jumped therefrom to the street, as a result of which she suffered some injury, the exact nature of which the evidence does not clearly disclose. Within a moment or two thereafter an automobile weighing 3,500 pounds owned and driven by defendant came down the same street, ran over decedent as she lay on the pavement, crushing her skull and carrying a piece thereof with attached brain matter a distance of about 30 feet from the body.

[1] Reported in 175 N. W. 1004.

Two questions are presented by the assignments of error: (1) Whether the verdict for plaintiff is supported by sufficient evidence; and (2) whether the trial court erred in its rulings on the admission or exclusion of evidence. Neither question requires extended discussion.

The evidence makes it clear that defendant, on the occasion in question, ran his car down the street in a reckless and negligent manner, and without due regard to the safety of others. A person who was aware of the presence of decedent lying prostrate on the street made every effort to cause him to stop his car, and though aware of such efforts defendant failed to heed them, with the result stated. That his car, at least one wheel thereof, passed over decedent's head is also established with reasonable certainty; those present at the time traced the tracks of the car to and over the same, and in our view of the evidence the fact is not open to serious question.

The contention that decedent was killed by jumping from the buggy, and not by the automobile, is not sustained by the record. We find no basis for that conclusion other than the opinion of plaintiff, expressed to witness Krause soon after the accident. Plaintiff denied making the statement, but if made was only his opinion, based wholly upon her act in jumping from the buggy, and clearly not conclusive that she. thus met her death. He was greatly disturbed at the time, suffering intense grief, and his opinion is of no greater force than that of any other person, based upon the same fact. O'Connor v. Modern Woodmen of America, 110 Minn. 18, 124 N. W. 454, 25 L.R.A. (N.S.) 1244. It is not probable that instant death resulted from her act in jumping from the buggy. The evidence makes it clear that her head was crushed by the automobile, leaving that as the natural cause of death, for there was no other serious injury to her body. And moreover there was evidence that decedent was alive immediately before she was struck by the automobile, and was calling for her husband; her calls ceased after it had passed. The reliability of that evidence was for the jury and court below, and, taking the record as a whole, without further enlargement on the facts, our conclusion is that the death of decedent was sufficiently shown to have been caused by the automobile. On the facts disclosed the burden to prove to the contrary was on the defendant.

We have examined the assignments challenging the rulings of the court

on the admission and exclusion of evidence and find no error of a character to justify a new trial.

Order affirmed.