### WHITE v. EDWARDS.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MOTOR VEHICLES — HIGHWAYS.

> A pedestrian who was injured by an automobile while momentarily standing in the highway was not *per se* guilty of contributory negligence, nor was the driver exonerated from all duty and from liability by the fact that the pedestrian was not in motion.

2. SAME—QUESTION FOR JURY.

> Evidence *held*, to show that plaintiff was not guilty of contributory negligence, as a matter of law.

3. SAME—MOTOR-VEHICLE LAW—DUTY TO PROTECT PEDESTRIANS.

> 1 Comp. Laws 1915, § 4818, requiring the driver of a

As to liability for striking one engaged about an automobile in a highway, see note in L. R. A. 1917B, 319.

222—Mich.—21.

motor vehicle to slow down and use every reasonable precaution to insure the safety of one "walking" in the highway, construed, and *held*, to apply to a pedestrian who was momentarily standing in the highway.

Error to Oakland; Gillespie (Glenn C.), J.     Submitted January 5; 1923.   (Docket No. 2.)     Decided March 22, 1923.

Case by Maurice F. White against George Edwards for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Lombard & Atkinson* and *A. L. Moore*, for appellant.

*Pelton & McGee*, for appellee.

Plaintiff recovered a judgment for $1,500 in the Oakland circuit court for injuries received by him by being struck in the highway by an automobile driven by defendant.     The accident occurred on a main traveled highway between Detroit and Pontiac, being the continuation of Woodward avenue, and which is called Woodward avenue in the record. Woodward avenue runs in a northerly and southerly direction and is intersected near the point of the accident by an east and west highway called Twelve Mile road.     The interurban railway between Detroit and Pontiac parallels Woodward avenue and, at the intersection of Woodward and Twelve Mile road, maintains near the southwest corner a shelter house or waiting room.     It is the claim of plaintiff that on the afternoon of the accident he came to the waiting room accompanied by his five-year old son to take the north-bound car to Birmingham; that he missed the car by a few minutes; that a truck used to deliver packages of newspapers stood on the east side of Woodward avenue across from the waiting room, the west wheels of the truck being on the cement roadway

and the east ones on the shoulder adjoining it; that he left his son in the waiting room and crossed the highway to see if he could get a ride to Birmingham; that he talked with the driver of the truck about three minutes; that he looked both ways before crossing, and also looked both ways less than a minute before he was struck; that defendant's automobile struck him while he was standing by the side of the truck, throwing him some distance and rendering him unconscious and doing him serious injury. Defendant's claim was that, as he approached the scene of the accident, plaintiff's little boy started to cross the highway to where his father was and that, to avoid striking the child, he swerved his car to the left side of the road; that plaintiff starting to the rescue of his child, got in front of the machine and thus received his injury. There was testimony to support both claims.

FELLOWS, J. (*after stating the facts*). The conflicting testimony took the question of defendant's negligence to the jury. We do not understand this to be controverted. Two important questions require consideration; they are:

(1) Should the court have held as matter of law that plaintiff was guilty of contributory negligence? and

(2) Did defendant owe plaintiff the statutory duty when approaching him in the highway required by section 4818, 1 Comp. Laws 1915?

1. Numerous decisions of courts of last resort hold, and we think they should be followed, that one injured while momentarily standing in the highway and when not in motion is not *per se* guilty of contributory negligence, and that the offending party is not exonerated from all duty and from liability by the fact that he is not in motion. Among them see *Dervin* v. *Frenier,* 91 Vt. 398 (100 Atl. 760); *Wells* v. *Shepard,* 135

Ark. 466 (205 S. W. 806) ; *Kathmeyer* v. *Mehl* (N. J.), 60 Atl. 40; *Deitchler* v. *Ball,* 99 Wash. 483 (170 Pac. 123) ; *Bursaw* v. *Plenge,* 144 Minn. 459 (175 N. W. 1004) ; *Kaminski* v. *Fournier,* 235 Mass. 51 (126 N. E. 279) ; *Walden* v. *Stone* (Mo. App.), 223 S. W. 136; *Reisinger* v. *McConnell,* 265 Pa. 565 (109 Atl. 280) ; *Regan* v. *Cold Storage Co.,* 46 Cal. App. 513 (189 Pac. 474) ; *Posener* v. *Long* (Tex. Civ. App.), 156 S. W. 591; *Humes* v. *Schaller,* 39 R. I. 519 (99 Atl. 55, L. R. A. 1917B, 316).     Nor do we think it can be said as matter of law that plaintiff under the facts of this case was guilty of contributory negligence.     He testifies that before going out into the street he looked both ways to ascertain if any vehicle was coming and that less than a minute before he was struck he looked both ways a second time.     If defendant was driving as fast as some of the witnesses say he was, he doubtless was out of plaintiff's line of vision when he looked the second time.     The trial judge did not err in declining to direct a verdict for the defendant on the ground of plaintiff's contributory negligence.     Under the proofs that question was for the jury.

2. Various acts of negligence were counted on in plaintiff's declaration, including defendant's claimed breach of duty to pedestrians under the statute above cited, and the case was submitted to the jury upon the question, among others, of whether defendant had breached such statutory duty to pedestrians, and the jury were told that if they so found plaintiff could recover if they also found that he was free from contributory negligence.     It is insisted on behalf of defendant that inasmuch as the statute uses the word "walking," it should be limited in its application to persons in motion and that plaintiff, not having been in motion but standing still beside the truck when struck, is not within its protection.     We think such

construction too narrow.    It overlooks the rights of
pedestrians in the highway and is subversive of the
plain purpose of the legislature.    In the case of
*Dervin* v. *Frenier, supra,* the defendant had run over
plaintiff, a boy 16 years of age, who was playing in
the street, but who at the time of the accident was
temporarily standing still.    It was there said by the
court:

"True it is that streets and highways are not estab-
lished for playgrounds, and such use of them is not to
be encouraged; but children always have and always
will put them to that use to some extent, and they do
not thereby become outlaws or trespassers, or neces-
sarily forfeit their rights therein as travelers."

In *Smethurst* v. *Barton Square Church,* 148 Mass.
261 (19 N. E. 387, 2 L. R. A. 695, 12 Am. St. Rep.
550), the following significant language was used:

"In order to be a traveler, it is not necessary that
one should be constantly moving, if he is a pedestrian,
or that the vehicle he drives, or that in which he is con-
veying goods, if he is using one, shall be continuously
in motion.    It would certainly be impossible to use the
highways conveniently for the ordinary purposes of
business or social life with teams or lighter carriages,
if occasional stops were not permitted to enable those
using them to load and unload teams, to receive and
deliver goods, to enter shops and stores, and to make
brief calls of business or even of a social character.
During these stops, if reasonable in duration, one
should not lose his rights as a traveler, and the pro-
tection thus afforded to his person or property."

In the recent case of *Hanser* v. *Youngs,* 212 Mich.
508, this court had before it the construction of an-
other provision of the automobile law designed for
the safety of the public.    We there declined to give
it a narrow, limited construction but held that it was
to be liberally construed, and following the holdings
of the supreme courts of Washington, Massachusetts,
and Connecticut (*Jaquith* v. *Worden,* 73 Wash. 349

[132 Pac. 33, 48 L. R. A. (N. S.) 827] ; *Commonwealth* v. *Henry*, 229 Mass. 19 [118 N. E. 224, L. R. A. 1918B, 827] ; *Stroud* v. *Water Commissioners*, 90 Conn. 412 [97 Atl. 336]), and declining to follow the supreme court of Iowa (*City of Harlan* v. *Kraschel*, 164 Iowa, 667 [146 N. W. 463]), we held, quoting from the syllabus:

"1 Comp. Laws 1915, § 4812, requiring every motor vehicle operated and driven upon the public highways to display front and rear lights, construed, and *held*, to apply to a disabled truck temporarily standing in the traveled portion of the highway and not under motion."

The provisions of the automobile law regulating their use upon the highway are largely designed to protect life and limb and should not receive too narrow a construction. Plaintiff "walked" upon the highway as he had a right to do, and momentarily stopped to negotiate a ride to Birmingham. We are not persuaded that by momentarily standing still he put himself without the protection of the statute. The instructions of the court on this branch of the case were not erroneous.

The other assignments of error have been considered but need not be discussed. There is no reversible error on the record, and the judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.