## NORDMAN v. MECHEM.

1. STATUTES—MOTOR-VEHICLE LAW—CONSTRUCTION.
     In construing the motor-vehicle law (1 Comp. Laws 1915, § 4818) requiring a motor vehicle passing a person walking in the highway to slow down to a speed not exceeding ten miles an hour, the term "walking in the highway"

On liability for injury to child skating on street, see note in 34 L. R. A. (N. S.) 118.
On reciprocal duty of driver of automobile and child roller skating in street, see note in L. R. A. 1918A, 257.

should be given a meaning sufficiently liberal to effectuate the apparent purpose of the statute.

2. NEGLIGENCE—MOTOR-VEHICLE LAW—CONSTRUCTION—BOY ROLLER SKATING "WALKING IN THE HIGHWAY."

In an action for the death of a boy nearly 12 years of age, who was struck and killed by a passing automobile while he was roller skating in a public highway, the trial judge was in error in instructing the jury that the boy was not "walking in the highway" within the meaning of the motor-vehicle law (1 Comp. Laws 1915, § 4818), requiring a passing automobile to slow down to ten miles an hour. SHARPE, J., dissenting.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where the boy was traveling in the same direction as defendant's automobile and suddenly turned to the left to cross to the other side of the highway, the question as to whether he was guilty of contributory negligence in so doing without taking proper precautions, *held*, submitted to the jury under proper instructions. FELLOWS, J., dissenting.

4. SAME—GROSS NEGLIGENCE.

Evidence *held*, insufficient to go to the jury on the question of gross negligence.

5. SAME—AGE OF INJURED BOY TO BE CONSIDERED.

Upon the question of defendant's negligence, the age of the boy, apparent from his appearance, could rightfully be considered, but his mental development, unless manifest, could not be taken into consideration beyond the ordinary mental development of one of such age.

6. SAME—VIEW OF PLACE OF ACCIDENT—ABUSE OF DISCRETION.

Refusal of the trial court to send the jury to view the place of the accident, *held*, not an abuse of discretion.

7. SAME—EVIDENCE—ACTUAL USE OF STREET RATHER THAN POSSIBLE USE CONTROLLING.

The trial court was not in error in excluding testimony to show whether the accident occurred in a thickly or thinly populated locality, since the use being made of the street at the time of the accident is controlling rather than its possible use.

Error to Calhoun; North (Walter H.), J.    Sub-

mitted January 18, 1924.    (Docket No. 93.)    De-
cided May 8, 1924.

Case by Ralph W. Nordman, administrator of the
estate of Leland C. Nordman, deceased, against George
W. Mechem for the alleged negligent killing of plain-
tiff's intestate.    Judgment for defendant.    Plaintiff
brings error.    Reversed.

*Maxwell B. Allen* and *James B. Mustard,* for appel-
lant.

*Fred L. Vandeveer,* for appellee.

WIEST, J.    August 8, 1922, about 5 o'clock in the
afternoon, Leland C. Nordman, a boy nearly 12 years
of age, was roller skating on the pavement of a high-
way just outside of the city of Battle Creek.    He was
proceeding westwardly near the northerly edge of the
pavement when defendant, driving a seven-passenger
automobile at a speed of 15 to 20 miles per hour and
going in the same direction, first saw him about 200
feet ahead.    When within 50 to 25 feet of the boy
defendant sounded a warning but the boy showed no
indication of hearing it.    Defendant turned his auto-
mobile to the left to pass the boy but, just as he was
about to pass, the boy, without looking, started
diagonally across the street toward his home.    De-
fendant then turned sharply to the left in an effort
to avoid a collision but the right front fender of the
automobile struck the boy and injured him, causing
his death the same day.    This suit was brought by
the administrator of the boy's estate to recover
damages under the survival act and, upon the trial,
verdict was rendered for defendant.    Plaintiff brings
the case here by writ of error.

As bearing upon defendant's negligence in approach-
ing and trying to pass the boy, plaintiff invoked the

provisions of the motor-vehicle law (1 Comp. Laws 1915, § 4818):

"Upon approaching a person walking in the roadway of a public highway, * * * a person operating a motor vehicle shall slow down to a speed not exceeding ten miles an hour and give reasonable warning of its approach and use every reasonable precaution to insure the safety of such person." * * *

The trial judge instructed the jury:

"Something has also been said to you * * * about there being a provision of the statute that upon approaching one walking upon a highway it is the duty of the driver of an automobile to slow down to ten miles an hour: I say to you that that provision in the statutes of this State would not apply to this case, because that statute evidently contemplates one who is walking on foot where the rate of speed would not in all human probability be over three or four miles an hour, and it expressly refers to a person walking on a highway, so that provision as it is worded in the statute of ten miles an hour would not apply to this case."

Plaintiff claims the court was in error. At the time of the trial the opinion of this court in *White v. Edwards,* 222 Mich. 321, had not been published. In that case we held this provision of the motor-vehicle law should not receive a narrow construction and protected one standing still in the traveled portion of a highway. The term "walking in the highway" should be given a meaning sufficiently liberal to effectuate the apparent purpose of the statute, if this can be done without stretching the language employed beyond its comprehensive limits. The word walk, confined to its sense of locomotion, has many shades of meaning; it springs from the old Anglo Saxon word "wealcan" meaning "to roll, toss oneself about, roll about." Skeat, Etymological Dictionary English Language, subject "Walk." In walking one takes movement of the whole

body into the operation; in skating one does no more. In a narrow sense, "walking" is progress made by use of heels and toes.   But it is evident the legislature did not intend any such restricted sense in the effort to safeguard human life.   One proceeding on foot is walking.   The boy was proceeding on foot, aided by roller skates.   It used to be quite common to say that one walking "takes shank's horses."   In roller skating the same "shank's horses" are employed. If a baby creeps into the highway or a boy is running, jumping or sliding, or a girl skipping therein is it conceivable that all such persons are without the safeguard of the statute?   Certainly not.

The purpose of the statute is to safeguard human life and it should not receive a construction making it applicable only to persons walking heels and toes. In construing the statute we cannot escape the conviction that the term "walking in the highway" was intended to be inclusive of all persons in the highway, standing or moving therein, using their legs and feet.

The learned circuit judge was in error, and plaintiff had a right to go to the jury upon defendant's violation of this statute, if any, and the contributing nature of such violation to the accident.

Was the boy, in the exercise of ordinary prudence, required to look when he changed his course to cross the street to note whether he could do so with safety? His being in the street lent him no release from exercising reasonable care in turning to cross.   Counsel for plaintiff contend the boy was not required to look to the rear before he changed his course, and cite *Graham* v. *Evening Press Co.,* 135 Mich. 298; *Myers* v. *Hinds,* 110 Mich. 300 (33 L. R. A. 356, 64 Am. St. Rep. 345); *Tuttle* v. *Briscoe Manfg. Co.,* 190 Mich. 22.   In the *Graham Case* plaintiff looked in both directions before stepping into the street, and it was held to be a question for the jury whether there was

contributory negligence in not looking again while crossing. The *Myers* and *Tuttle Cases* did not involve the question here presented.

The circuit judge instructed the jury:

"A pedestrian or person on foot is not bound or required as a matter of law to look both ways and to listen to ascertain whether somebody is approaching him from the rear, providing he is in the right location on the highway, but only to exercise such reasonable care as the occasion requires. In other words, there is no imperative rule of law requiring pedestrians lawfully using the public highway to be continually looking or listening to ascertain if automobiles are approaching from the rear; at least, they need exercise no more care in that regard than an ordinarily careful and prudent person would use. And in this particular case, plaintiff's intestate, or decedent, Leland Nordman, was not bound to look back to see whether he was in danger of being run over by a conveyance from behind, so long as he was going west on the northerly side of the traveled portion of the highway, and when he turned to go to the southerly side of the traveled portion of the highway he was required by law to be as careful as a reasonably prudent and careful boy of his years and mentality would have been under like circumstances; and if that degree of care required that he should look, and he is bound to use his powers of observation, then he must do that in order to be free from negligence himself when he attempts to cross a highway, and if he did not use the degree of care which a boy of like age and mentality would have used under like circumstances and his failure to do so helped cause the accident, then plaintiff cannot recover because under those conditions he would be guilty of contributory negligence.

"In this case you will bear in mind that the evidence shows the deceased was of such an age, intelligence and comprehension as to be charged in law with the exercise of the ordinary care and prudence of a person of his years and of his mentality.

"As I stated to you a moment ago, one who is crossing a public highway must use his powers of observation, that is, he must look to ascertain whether or not vehicles are approaching, so that he can cross in safety,

if the conditions are such that in the exercise of reasonable care that is the thing that must be done, and obviously in this kind of situation as in this case, where automobiles were approaching on the highway that was a necessity, that one, before he turned, must use reasonable care to observe whether he could cross in safety. And in determining whether or not this boy who was killed was as careful in that regard as the law requires you must bear in mind that he is entitled to be held only to that degree of care and caution which a boy of his capabilities and his years would be held to. It might be less than that which might be demanded of an adult person. And in this particular instance, under the circumstances shown in this case, Leland Nordman had no right in going from the north side to the south side of the highway to assume that the defendant's automobile or some other vehicle of like character was not approaching."

Plaintiff has no just cause to complain of this instruction.

Had the boy continued his course along the right side of the street he would not have had to look for vehicles coming from the rear, but when he suddenly turned to cross the street he was required to give heed to other use being made of the street and exercise ordinary care under the circumstances, and this presented a question for the jury. If the boy was negligent, it is claimed, his negligence was apparent to defendant in time to have acted with it in view and have averted the accident. Plaintiff insists the court was in error in not permitting the case to go to the jury on the question of gross negligence. The evidence fails to disclose discovered negligence of the boy, if any, in time to have averted the accident. We think the trial judge was right in declining to submit the question of discovered negligence to the jury. Upon the question of defendant's negligence the age of the boy, apparent from his appearance, could rightfully be considered, but his mental development, unless manifest, could not be taken into consideration be-

yond the ordinary mental development of one of such an age.

Plaintiff requested the court to send the jury to take a view of the place of the accident. This the court declined to do, stating that under the evidence a view was unnecessary. We find no abuse of discretion in such refusal.

Plaintiff claims the court was in error in excluding testimony as to whether a large or small number of people lived in the vicinity of the accident, and insists:

"The jury should have been permitted to know whether or not the accident occurred in a thickly or thinly populated locality, in other words, all the circumstances surrounding the accident, particularly in view of the court's refusal to grant plaintiff's request to have the jury view the premises where the accident occurred."

We fail to discover any good reason for such testimony. The purpose contended for is dependent upon the use being made of the street by others at the time of the accident and not possible and probable use to be reasonably apprehended but not, in fact, encountered.

Other errors alleged have been examined but disclosing no reversible error are not discussed.

For the error pointed out the judgment is reversed and a new trial granted, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, MOORE, and STEERE, JJ., concurred with WIEST, J.

SHARPE, J. (*dissenting*). The undisputed proof shows that deceased, just before he turned to cross the road, was going "in the neighborhood of 10 miles or better" an hour. He was simply traveling on his roller skates back and forth on the highway in front of his home for pleasure. I cannot concur in holding that he was then "walking in the roadway" within

the meaning of this language as used in the statute. His progress was aided by artificial means. The roller skates attached to his shoes permitted him to travel at a rate of speed many times faster than he could walk. While it was necessary that he should use his limbs in propelling himself, one must also do so when riding a bicycle. In walking, the means of locomotion provided by nature are alone used. If the statute be so applied, it will require the driver of an automobile to trail behind a boy on roller skates until he shall voluntarily stop or reduce his speed and permit the vehicle to pass.

It was the duty of the defendant to exercise reasonable care, under the circumstances, independent of the statute. This question was submitted to the jury in instructions of which no complaint can be made.

I concur in holding that the other assignments present no reversible error.

The judgment should be affirmed.

FELLOWS, J. (*dissenting*). I think plaintiff's decedent was guilty of contributory negligence as matter of law, and that defendant's motion for a directed verdict on this ground should have been granted. For this reason I vote for affirmance.