[Civ. No. 24272. First Dist., Div. Four. Jan. 13, 1969.]

MARY ANN SWANSON, Plaintiff and Respondent, v. WESTERN GREYHOUND LINES, INC., Defendant and Appellant.

Hopkins, Newman & Robinson and Cyril Viadro for Defendant and Appellant.

Truett, Durham, Conn & Breiner and T. G. Fitzgerald for Plaintiff and Respondent.

CHRISTIAN, J.—In this action for personal injuries, defendant Western Greyhound Lines prevailed in a jury trial. By an order made and entered in the minutes on July 7, 1966, the judge granted a new trial, on the ground that the evidence was insufficient to justify the verdict. A written order to the same effect was signed and filed on July 11. Neither the minute order nor the written order contained a specification of reasons complying with Code of Civil Procedure, section 657. No such specification was filed until July 21. Greyhound appeals, pointing out that the court did not specify its reasons until more than 10 days after the determination of the motion for new trial.

A motion for new trial may be determined either by minute order or by a written order signed by the judge and filed by the clerk. (Code Civ. Proc., § 660; *Siegal* v. *Superior Court* (1968) 68 Cal.2d 97, 100 [65 Cal.Rptr. 311, 436 P.2d 311].) Here the motion for new trial was determined by the order entered in the minutes on July 7, but the specification of reasons called for by section 657 was not filed until 14 days later. Respondent's contention that the delay was not fatal to the order granting new trial is based upon the fact that the statute limits the filing of a specification of reasons to "ten days after *filing* such order, . . ." (Code Civ. Proc., § 657; italics added.) It is contended that because the Legislature used the word "filing" rather than the word "determination" in the quoted passage the 10-day period for the specification of reasons does not begin to run unless and until an order granting new trial is signed and filed. On this theory, if the motion for new trial is determined by minute

order rather than by an order signed and filed the specification of reasons could be filed at any time (perhaps limited to the 60-day period, after service of notice of entry of judgment, which Code of Civil Procedure section 660 allows for the court to pass upon a motion for new trial). The adoption of this argument "would frustrate the 1965 Legislature's intent to require that full judicial deliberation on motions for new trial be practically concurrent with judicial disposition of such motions." (*Fry* v. *Young* (1968) 267 Cal.App.2d 340, 346 [73 Cal.Rptr. 62].)[1]

Moreover, in *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 121 [65 Cal.Rptr. 315, 436 P.2d 315], the court said, "the 1965 amendments impose *the same time limit* [italics by the court] on the judge's power to specify reasons as the former law placed on his power to specify insufficiency as the ground: i.e., 'within 10 days' after the motion is *granted*" (italics added). Although this statement was not directed to the specific contention which we have before us, it indicates the Supreme Court's view that the 10-day period runs from the "granting," i.e., determination of the motion, rather than necessarily from the filing of a written order.

Therefore we hold that the court's jurisdiction to specify its reasons expired 10 days after the minute entry was made; the specification filed on July 21 was ineffective. It is not contended that the order granting new trial can be supported on any ground other than the insufficiency of the evidence.

The order granting new trial is reversed.

Devine, P. J., and Rattigan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 26, 1969.

---

[1]Compare *Dempsey* v. *Market Street Ry. Co.* (1943) 23 Cal.2d 110, 113 [142 P.2d 929], where the Supreme Court rejected a contention that a minute order was not equivalent to an order "filed with the clerk" under former provisions of Code of Civil Procedure, section 657.