[Civ. No. 17450. First Dist., Div. One. Dec. 16, 1957.]

LOUIS MASON CLARIDA, Appellant, v. JOHN AGUIRRE, Respondent.

ROBERT PATRICK MULREY, Appellant, v. JOHN AGUIRRE, Respondent.

Garry, Dreyfus, McTernan & Keller and Garry & Keller for Appellants.

Ropers & Majeski for Respondent.

BRAY, J.—Plaintiff Clarida and plaintiff Mulrey filed separate complaints against defendant Aguirre alleging negligence in the operation of defendant's automobile causing injuries to plaintiffs. Defendant answered each complaint denying negligence and alleging contributory negligence. Defendant also filed cross-complaints for damages for personal injuries arising out of the negligence of both plaintiffs in the same accident. The two cases were consolidated for trial. A jury found in favor of defendant on both complaints and for both plaintiffs on defendant's cross-complaints. Plaintiffs appeal from the judgment in favor of defendant on plaintiffs' complaints.

### QUESTION PRESENTED
The court's refusal to instruct on last clear chance.

### EVIDENCE
All of the parties and one Marks attended a union Christmas party at Forester's Hall in Redwood City. Having done more or less drinking at the party, the group, with others, adjourned to a Redwood City bar, and then to defendant's home, at each

place continuing the festivities. Leaving defendant's home, Mulrey and Clarida were in Clarida's car, Mulrey driving, as Clarida was sick from drinking. Defendant drove his own car with Marks as passenger. (There is an immaterial conflict in the testimony as to where the parties were going.) Traveling different routes the two cars arrived at the Bayshore Highway. As plaintiffs were driving down the highway they saw defendant's car waiting at an intersection to enter. They were not aware of its presence thereafter. They only remembered driving in the outside or slow lane until the accident. Clarida could not even say that it was defendant's car which was involved. Of the accident he could only remember a "slight crash." Mulrey could only remember "a scraping sound." Defendant after seeing Clarida's car pass by the intersection, entered the highway. He turned in its direction. Later he became conscious of Clarida's car and noticed that it was weaving in and out of its lane—about 6 inches into the passing lane and 6 inches on to the shoulder. Plaintiffs were not aware that their car was weaving. Defendant being of the opinion that both plaintiffs were "pretty drunk" when they left his home, concluded that he should warn them of their weaving. He waited until it appeared to him that they were driving straight and then proceeded to the passing lane to pass them and to signal them to leave the highway. He was about two car lengths behind plaintiffs' car when he proceeded to pass. As he was passing, the two cars sideswiped each other, causing the accident. Marks, defendant's passenger, remembered nothing concerning how the accident occurred.

## LAST CLEAR CHANCE

Plaintiffs' contention that an instruction on the doctrine should have been given is based upon their assertion that defendant, observing that plaintiffs' car was weaving (plaintiff "would probably go for a distance of a couple of car lengths straight, and then he would start to weave again") could have avoided the accident by not attempting to pass it. Plaintiffs thereby confuse the question of negligence of defendant in so doing with the question of the application of the doctrine. ▓ The formula for its application is well stated in *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 743 [306 P.2d 432]: "The formula may be restated as follows: The doctrine of last clear chance may be invoked if, and only if, the trier of the facts finds from the evidence: (1) that the plaintiff was in a position of danger and, by his

own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure.'' ▮ We agree with the trial judge who stated in denial of the motion for new trial: ''. . . most, if not all, of the factors essential to application of the last clear chance doctrine are lacking in this case. If but one element is lacking, instruction upon the doctrine is improper.'' (See *Doran v. City & County of San Francisco*, 44 Cal.2d 477, 483 [283 P.2d 1].) ▮ It is true that had defendant not attempted to pass plaintiffs' car the accident would not have happened, at least in the form that it did. But that fact alone is not sufficient to bring last clear chance into play. When defendant moved into the passing lane, plaintiffs were driving straight ahead in their own lane, and it was not until defendant was passing them that they came over into his lane. (Defendant claims that he then was driving in the middle of the passing lane. If so, plaintiffs must have weaved further than the 6 inches defendant had previously observed it weaving.) It was not until the impact that defendant was aware of the danger, and, of course, it was then too late for him to do anything about it.* It was not until plaintiffs invaded defendant's lane that they were in a place of danger under the doctrine. ▮ ''Plaintiffs were not in a position of danger nor in a state of helplessness, within the meaning of the doctrine, until they had reached a point where they could no longer escape by the exercise of ordinary care. As was said in *Dalley* v. *Williams, supra*, 73 Cal.App.2d 427, at page 435 [166 P.2d 595], 'the term ''place of safety'' ordinarily includes the position of the plaintiff while he is merely *approaching* the place of danger, and so long as he is

---

*The evidence of paint from the Clarida car on the side of defendant's car would indicate that the Clarida car struck defendant's car. Plaintiffs claim, however, that defendant's car must have done the weaving and struck their car. If this were so, still the last clear chance doctrine would not be applicable. In such event, it would have been negligence for defendant to enter plaintiff's lane and not a violation of last clear chance.

only *approaching* but is not actually *in* a position of danger, the plaintiff cannot invoke the doctrine.' " (*Doran* v. *City & County of San Francisco, supra,* 44 Cal.2d at p. 489.)

█ Applicable here is the quotation from *Rodabaugh* v. *Tekus,* 39 Cal.2d 290, 295 [246 P.2d 663], appearing in *Fleharty* v. *Boltzen,* 137 Cal.App.2d 187, 191 [290 P.2d 311]: "The doctrine of last clear chance ' "should not be applied to the ordinary case in which the act creating the peril occurs practically simultaneously with the happening of the accident and in which neither party can fairly be said to have had a *last clear chance* thereafter to avoid the consequences." ' "

The circumstances here are entirely dissimilar to those set forth in *Bonebrake* v. *McCormick,* 35 Cal.2d 16 [215 P.2d 728], cited by plaintiffs, where the court held that the last clear chance instruction should have been given. There, there was evidence that the boy on the bicycle on the shoulder of the highway turned to his left when the defendant who was following him in the adjoining lane sounded her horn. The defendant testified that she was 150 feet from him when she sounded her horn. Additionally there were disconnected skid marks evidently made by the defendant's car starting 200 to 300 feet before the point of impact. In *Peterson* v. *Burkhalter,* 38 Cal.2d 107 [237 P.2d 977], the boy on the motor scooter was approaching the path the defendant's car was proceeding in and when defendant was 50 feet and the boy 75 feet from the point where their vehicles would meet, the defendant saw that the boy was looking in the opposite direction from that in which he was moving. In *Girdner* v. *Union Oil Co.,* 216 Cal. 197 [13 P.2d 915], the defendant perceived that the plaintiff was unaware of the danger he was in and yet proceeded to the point where their paths would meet without sounding his horn, arresting his speed or turning his vehicle, all or any of which the court found he had time to do. Obviously the circumstances of all three of these cases called for the giving of the last clear chance instruction. In our case defendant had neither sufficient time nor distance in which to avoid the accident since he was already alongside plaintiffs when they moved into his lane. The court's refusal to give the last clear chance instruction was proper.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 11, 1958. Carter, J., was of the opinion that the petition should be granted.