[Civ. No. 22944. Second Dist., Div. Three. Sept. 12, 1958.]

ROBIN HICKAMBOTTOM, a Minor, etc., Respondent, v. COOPER TRANSPORTATION COMPANY, INC. (a Corporation) et al., Appellants.

Hecker & Dunford and Orlan S. Friedman for Appellants.

George L. Vaughn, Jr., and Dion G. Morrow for Respondent.

PATROSSO, J. pro tem.*—This is an appeal from a judgment in favor of the minor plaintiff entered upon the verdict of the jury in an action for the wrongful death of plaintiff's father.

On April 3, 1956, at about 3:20 a. m. a collision between two vehicles occurred on United States Highway 99 about two miles south of Traver, California. The collision involved an automobile of the decedent and a Peterbilt diesel tractor pulling two trailers (hereinafter referred to as the truck) being operated by the defendant Robert Lee Whisler who will hereinafter be referred to as the defendant. Upon the trial it was stipulated that the truck was owned by the defendant Cooper Transportation Company, Inc.; that the defendant Whisler was driving the truck in the course and scope of his employ-

*Assigned by Chairman of Judicial Council.

ment by the last named defendant and that the decedent met his death as a result of the collision.

In the vicinity where the collision occurred Highway 99 is a four-lane divided highway with two lanes for northbound traffic and two lanes for southbound traffic. The width of the truck permitted it to travel entirely within one lane and the gross weight of the truck was 65,000 pounds.

There were no eyewitnesses to the accident other than the defendant and the following facts are made to appear by his testimony: Just prior to the collision the defendant was driving north on the right lane of the highway at a speed of between 40 and 45 miles per hour with his headlights on low beam which illuminated the highway in front of him for a distance of 150 feet. The condition of the weather does not appear other than that it was a dark night. Defendant first observed the decedent's automobile when he was within 75 or 100 feet from it. It then appeared to be stopped at an angle partly on and partly off the right lane in which the defendant was traveling, approximately one-half of decedent's automobile being upon the highway and the remaining one-half upon the shoulder. The defendant testified that upon observing decedent's automobile he immediately applied his brakes, and swerved to the left but does not recall when the brakes took effect. At the time there was no other traffic upon the northbound portion of the highway and it was otherwise unobstructed. There was no testimony as to the distance within which the truck could be stopped when traveling at the speed at which it was, after the application of the brakes, and likewise there was no testimony as to the overall length of the truck.

The only ground assigned by the appellants for a reversal of the judgment is that the trial court erred in instructing the jury upon the doctrine of the last clear chance. There is no contention that the instruction was not a correct statement of law but rather that the evidence did not justify the application of the doctrine.

The elements necessary to bring into play the doctrine of the last clear chance are well known. They have recently been restated in *Brandelius* v. *City & County of San Francisco* (1957), 47 Cal.2d 729, 743 [306 P.2d 432], and need not be repeated here. All of these elements must be present and if any one is lacking an instruction upon the doctrine is improper. (*Clarida* v. *Aguirre,* 156 Cal.App.2d 112, 115 [319 P.2d 20]; *Doran* v. *City & County of San Francisco* (1955),

44 Cal.2d 477, 483 [283 P.2d 1]) and whether there is any substantial evidence justifying the application of the doctrine in a given case is a question of law. (*Nippold* v. *Romero* (1956), 145 Cal.App.2d 235, 240 [302 P.2d 367]; *Doran* v. *City & County of San Francisco, supra,* p. 487.)

 Conceding that all of the other elements of the doctrine were present in the case at bar, the question is whether the evidence is sufficient to have warranted a finding that the defendant after becoming aware of the presence of decedent's automobile upon the highway "had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure." (*Brandelius* v. *City & County of San Francisco, supra.*)

Viewing the testimony in the light most favorable to the respondent, for the purpose of this discussion we shall assume that the defendant first saw the decedent's automobile when he was within 100 feet of it. At a speed of between 40 and 45 miles per hour, at which defendant was then traveling, his vehicle was moving between 58 and 66 feet per second with the result that he had between approximately one and one-half and one and 7/10 seconds to react to the emergency, apply his brakes and swerve to the left in an endeavor to avoid striking the decedent's car.

As previously stated there is no evidence as to the distance within which the defendant could have stopped his truck when traveling at this speed or the time required to change his course of travel from the right lane to the left lane so as to permit every portion of his truck to pass clear of decedent's automobile. While there was no testimony as to the overall length of defendant's truck, it is fairly evident that at a minimum it was 50 feet (see Veh. Code, § 705, subd. (b)) and common knowledge tells us that equipment of this size and weight (32½ tons) traveling at a speed of between 40 and 45 miles per hour, may not within a matter of a second or two be brought to a stop or be swerved to the right or left without grave danger of "jackknifing" or overturning. ·

As was said in *Bagwill* v. *Pacific Electric Ry. Co.*, 90 Cal. App. 114 [265 P. 517], quoted with approval in *Rodabaugh* v. *Tekus* (1952), 39 Cal.2d 290, 297 [246 P.2d 663]:

" 'Certainly the doctrine of last clear chance never meant a splitting of seconds when emergencies arise. . . . We are not to tear down the facts of a case and rebuild the same so that, by a trimming down and tight-fitting operation, something

can be constructed upon which may be fastened the claim of last clear chance. The words mean exactly as they indicate, namely, last *clear* chance, not possible chance.' "

Absent evidence that the defendant saw the decedent's vehicle in time to avoid colliding with it by the exercise of ordinary care, there is no basis for the application of the doctrine of the last clear chance. As has frequently been said, the doctrine not only presupposes a last chance but a *clear* chance. ■ One undertaking to invoke the doctrine must adduce evidence direct or circumstantial that the defendant after becoming aware of plaintiff's position of danger in the exercise of reasonable care had a clear chance to avoid injuring him. In the case at bar there is a total absence of any substantial evidence from which it may be reasonably inferred that defendant saw the decedent's vehicle in time to avoid the accident, much less that he had a clear opportunity of doing so.

The only evidence in the record to which respondent points as supporting her statement that the defendant had a clear chance to avoid the collision is found in the following portion of the cross-examination of the defendant:

"Q. By Mr. VAUGHN: Mr. Whisler, given a highway such as Highway 99, in this area approximately two miles south of Traver, where there are, of course, two lanes for northbound traffic, and there is no traffic in the west lane, from the point where you first observed the vehicle with which you collided, that is, 75 to a hundred feet, was there, in your estimation, sufficient space for you to have pulled around that vehicle? A. Yes.

"Q. Now, Mr. Whisler, was there anything on the road itself, that is, Highway 99, in this area that we have been discussing that is approximately two miles south of Traver, was there any object on the road in either of the lanes which prevented you from pulling around the vehicle with which you collided? A. I don't understand the question.

"Q. Was there anything in the roadway that prevented you from pulling your truck out and around the other vehicle? A. No.

"Q. Now, was there anything about the mechanism of the tractor and trailer itself which prevented you from pulling your vehicle out and around the other vehicle? A. No."

■ The respondent asserts that the foregoing testimony constitutes an admission by the defendant "that the doctrine of Last Clear Chance was applicable in this case." We see nothing in the quoted testimony to support this statement.

It is merely to the effect that there was sufficient space on the roadway to have permitted the defendant to drive around the decedent's vehicle, and there is no dispute concerning this in view of the uncontradicted testimony that it was a two-lane roadway and there were no other vehicles in the immediate vicinity traveling in the northbound lanes. The fact that defendant had the space within which to pass around the decedent's automobile, however, is of no significance unless the defendant had time within which to do so after he first saw the decedent's automobile. As said in *Hall* v. *Atchison, T. & S. F. Ry. Co.*, 152 Cal.App.2d 80, 85 [312 P.2d 739] : "The rule is that there must be substantial evidence to show defendant had a last clear chance to avoid the accident. (Citing cases.) To the same effect is also the case of *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729 [306 P.2d 432], holding that before the last clear chance doctrine may be applied the necessary elements, as there indicated, must be supported by substantial evidence. Time is such an element and an all-important factor.

"The time for defendant's exercise of any last clear chance commences only at such time as he has both actual knowledge of the injured person's 'position of danger' and actual or constructive knowledge that such person 'cannot escape from such situation.' It affirmatively appears to us that in considering the evidence as a whole, there was no substantial evidence that all of these elements had been affirmatively established."

As we have heretofore had occasion to point out, the defendant in the instant case had less than two seconds within which to react, apply his brakes and swerve to the left in an endeavor to avoid colliding with the decedent's automobile. In determining whether he had a clear chance to avoid the collision it is not a matter of space alone that is to be considered but as well the time which defendant had to take effective action in an endeavor to escape the sudden peril created by the presence of the decedent's automobile directly in his path. (*Cf. Poncino* v. *Reid-Murdock & Co.* (1934), 136 Cal. App. 223, 229 [28 P.2d 932].)

In view of defendant's testimony that upon seeing the decedent's vehicle upon the highway he immediately applied his brakes and endeavored to swerve to the left the following language from *Jobe* v. *Harold Livestock Com. Co.* (1952), 113 Cal.App.2d 269, 275 [247 P.2d 951] is apposite here :

"In view of the fact that defendant did realize his danger and made a determined effort to stop, it would be wholly

illogical and unreasonable for the jury to have found upon the circumstantial evidence that there was a considerable interval of time during which defendant realized the danger and made no effort to avoid the accident. Mere doubt as to the credibility of defendant or the accuracy of his estimate of distance would not amount to affirmative evidence of any material fact. An instruction on the doctrine of last clear chance would have been an invitation to the jury to speculate as to the existence of an essential fact of which there was no direct or circumstantial evidence.''

In support of the judgment respondent argues that the defendant's own testimony showed that he was guilty of negligence. This may be conceded but proof of defendant's negligence does not serve to establish that the doctrine of the last clear chance is applicable. (*Rodabaugh* v. *Tekus, supra,* 39 Cal.2d 290, 293; *Doran* v. *City & County of San Francisco, supra,* 44 Cal.2d 477, 487.) The doctrine of the last clear chance presupposes that the defendant was negligent. Nor may one be held liable under the last clear chance rule upon the theory that he would have discovered the peril of the decedent in sufficient time to have avoided injuring him but for remissness upon his part. (*Dalley* v. *Williams* (1946), 73 Cal.App.2d 427, 436 [166 P.2d 595].)

Finally the respondent contends that the ''evidence presented at the trial is equally consistent with a holding that plaintiff's decedent was not contributorily negligent'' from which she concludes that the judgment should be affirmed without regard to whether the giving of the instruction upon the doctrine of the last clear chance was proper. However, respondent's having requested this instruction is persuasive of the fact that she must have believed that there was evidence which would have warranted the jury in finding that the decedent was guilty of contributory negligence for the doctrine would not otherwise be applicable. (*Sparks* v. *Redinger* (1955), 44 Cal.2d 121, 124 [279 P.2d 971].) And that there was such evidence may not be doubted. As previously noted the defendant testified that when he first observed the decedent's automobile it appeared to be stopped partly on and partly off of the highway. If the jury believed this testimony, it might have found that the decedent was guilty of negligence by virtue of Vehicle Code, section 582. There was also evidence from which the jury could have concluded that the decedent was guilty of violating section 621 of the Vehicle Code in that the tail lamps upon his vehicle were not lighted. Moreover,

the record discloses that after the jury had retired to deliberate it returned to the court with the request that the instruction upon the doctrine of the last clear chance be reread and less than five minutes later, returned with a verdict for the plaintiff which strongly suggests, if it does not operate to establish, that the jury reached its verdict upon the basis of this doctrine. Under the circumstances the giving of the instruction was clearly prejudicial. As said in *Dalley* v. *Williams, supra,* 73 Cal.App.2d 427, 437: "Plaintiff next argues that the giving of the instruction, if erroneous, was only 'technical in nature,' not prejudicial, and that the sole proximate cause of the accident was the negligence of defendant. With this we cannot agree. The instruction may have governed the jury in arriving at a verdict for the plaintiff, and, in the absence of evidence to support it, may have been prejudicial. The jury, under the evidence, might well have found the plaintiff guilty of contributory negligence contributing proximately to his own injury."

The judgment is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied October 3, 1958.