[Civ. No. 26118. Second Dist., Div. Four. Jan. 17, 1963.]

ROBERT J. HAZEL, Plaintiff and Appellant, v. A. D. McGRATH, Defendant and Respondent.

Butterworth & Smith, Gene E. Smith and David G. Waller for Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Daren T. Johnson for Defendant and Respondent.

BURKE, P. J.—Plaintiff filed an action alleging negligence and seeking damages for personal injuries sustained in a rear end type automobile collision. The case was submitted to the jury on the issues of negligence, proximate cause, contributory negligence and damages. The jury returned a verdict in favor of defendant.

The specific injury for which plaintiff seeks damages is the detachment of the retina which caused blindness in his left

eye. Prior to this automobile accident, plaintiff had four unnatural conditions of the left eye: refractive error, presbyopia (loss of focusing power which occurs with old age), spasm of the ciliary muscle, and an incipient cataract. Also plaintiff had one kidney removed some time before the accident occurred and he had been suffering from tuberculosis for a number of years.

Four medical experts testified at this trial; three on behalf of plaintiff and one for defendant. The first, for plaintiff, testified that the detachment of the retina was not caused by any of the preexisting conditions of the left eye; that while he was unable to determine the exact cause of the injury the impact of the accident was a prime suspect as a possible cause. Plaintiff's second medical witness was of the opinion that the accident caused the injury and that the preexisting defects in the left eye did not contribute to the detachment even in a slight degree. He also stated that he did not believe that plaintiff's tuberculosis contributed to the injury. Plaintiff's third medical witness testified that the various preexisting physical conditions were not likely, in this case, to have led to the retina detachment. He was of the opinion that the impact of the automobile collision caused the injury.

Defendant's medical witness testified that in his opinion the detachment of the retina preceded the accident by more than one week. He indicated that he could not determine the exact cause but that the various preexisting debilitating physical conditions of plaintiff could have predisposed him towards a detachment of the retina. On cross-examination this doctor was confronted by his testimony at an earlier trial of the case reading as follows:

"MR. SMITH: The question by Mr. Johnson in the former trial:

"'My question, Doctor, is this: Taking the history just as it was related to you by the individual, Mr. Hazel, and your examination here on the date that you saw him, I gather the import of what you have said is that he had an eye that had indicated degenerative changes before the accident, but on that history, you would have to conclude that the accident precipitated the detachment?'

"Your answer, sir, 'Yes, sir.'

"Q. Do you recall having given that answer on a prior date? A. No, sir.

". . . . . . . . . . . .

"Q. BY MR. SMITH: Was that your opinion in September of

1959? A. I don't know. You are reading the transcript. I don't remember being in court, as I have testified a number of times.

"Q. All right. A. But I would disagree with that now."

Defendant did not request that a limiting instruction be given indicating that this former testimony was admissible only for purpose of impeachment.

The sole issue presented on appeal is whether the trial court committed prejudicial error in refusing to give the following instruction requested by plaintiff:

"If you find that defendant's negligence was the proximate cause of plaintiff's injury, plaintiff is entitled to damages. if any preexisting condition on the part of the plaintiff has more readily predisposed him to such injury, even though defendant's negligence would not have caused injury to a person that did not have the preexisting condition such as the 'plaintiff' had."

While the proffered instruction is a correct statement of law (*Jacob* v. *Key System Transit Lines,* 140 Cal. App.2d 357, 362 [295 P.2d 569]), it may nevertheless be improper, in a given case, if it is not pertinent to an issue which is raised by facts which have some support in the evidence. (*Davenport* v. *Stratton,* 24 Cal.2d 232, 254 [149 P.2d 4]; *Rideau* v. *Los Angeles Transit Lines,* 124 Cal.App.2d 466, 469 [268 P.2d 772].)

Plaintiff contends that the testimony of defendant's medical witness which was given at the former trial provides sufficient evidence to support the theory that plaintiff's preexisting condition predisposed him to the injury which was precipitated by the accident. This prior statement of a nonparty witness is competent and admissible, however, only for purpose of impeachment, not to prove a fact in controversy. (*Kroplin* v. *Huston,* 79 Cal.App.2d 332, 343 [179 P.2d 575].) It is true that an opposing party who fails to request an instruction so limiting the use of the evidence cannot complain when its use by the jury is not so limited (*Elm* v. *McKee,* 139 Cal.App.2d 353, 358 [293 P.2d 827]), but it does not follow that the court is required to give an instruction to the jury which is supported by evidence that is legally competent only for the purpose of impeachment.

As stated in *DiSandro* v. *Griffith,* 188 Cal.App.2d 428, 435 [10 Cal.Rptr. 595], "Although conflicting as well as nonconflicting evidence may be relied upon in support of

a request for an instruction on a relevant legal theory, such evidence must be of that substantial character required by law to support a verdict. In *Estate of Teed,* 112 Cal. App.2d 638, 644 [247 P.2d 54], the court said: '. . . if the word "substantial" means anything at all, it clearly implies that such evidence must be of ponderable legal significance. Obviously the word cannot be deemed synonymous with "any" evidence. It must be reasonable in nature, credible, and of solid value; it must actually be "substantial" proof of the essentials which the law requires in a particular case.' "

 Also, as was said in *Fewel & Dawes, Inc.* v. *Pratt,* 17 Cal.2d 85, 89 [109 P.2d 650] : "If, however, the evidence is so slight and tenuous that it does not create a real and substantial conflict the finding may be set aside. (*Ibid.*) 'There must be more than a conflict of words to constitute a conflict of evidence. The contrary evidence must be of a substantial character, such as reasonably supports the judgment. . . .' "

 Each of the three physicians who appeared on behalf of plaintiff gave testimony which supported the theory that the injury was caused by the accident, and that the preexisting physical defects were not related to the injury. None of these witnesses even suggested that any of the preexisting physical conditions predisposed plaintiff to the injury. As stated in *Gottsdanker* v. *Cutter Laboratories,* 182 Cal.App.2d 602 [6 Cal.Rptr. 320], at page 612: "Defendant asserts error in the refusal of the trial court to instruct as to the responsibility of a manufacturer to one unusually susceptible to poliomyelitis. But there is no evidence whatever to suggest, even remotely, any such susceptibility on the part of either plaintiff here. Thus, the instruction was properly refused."

Accordingly, it was not error for the court to refuse the proffered instruction.

Judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.