[Civ. No. 7070.   Fourth Dist.   Aug. 29, 1963.]

FRANCISCO DUENAS et al., Plaintiffs and Appellants, v. RAMON S. DOMINGO, Defendant and Respondent.

Marsh, Moore & Cologne and Gordon Cologne for Plaintiffs and Appellants.

Wilson & Wilson and William H. Wilson for Defendant and Respondent.

COUGHLIN, J.—This is an action to recover damages for the wrongful death of the plaintiffs' son, Martin Duenas, a 9-year-old boy, who was killed when struck by an automobile driven by the defendant, Ramon S. Domingo. Judgment, after verdict, was rendered in favor of the defendant, the respondent herein, and against the plaintiffs, the appellants herein.

The plaintiffs-appellants contend that the trial court erred in refusing to give their requested instruction on the doctrine of last clear chance. The defendant-respondent contends that the request for such an instruction properly was denied because there was no substantial evidence from which the jury could have found that he had actual knowledge of the boy's position of peril in time to have avoided the accident.

The elements of the last clear chance doctrine are set forth in *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 743 [306 P.2d 432]. Unless there is substantial evidence in support of each of these elements a requested instruction thereon properly is refused. (*Doran* v. *City & County of San Francisco,* 44 Cal.2d 477, 486 [283 P.2d 1]; *DiSandro* v. *Griffith,* 188 Cal.App.2d 428, 432 [10 Cal.Rptr. 595].) Among other things, there must be proof ''that defendant knew that . . . [decedent] was in a position of danger and further knew, or in the exercise of ordinary care should have known, that . . . [decedent] was unable to escape therefrom; . . .'' (*Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729, 743.)

The issue for determination on this appeal is whether there is any substantial evidence from which the jury could have found that, prior to impact, the defendant actually knew that the deceased was in a position of danger.

The accident occurred on Avenue 56 near the town of Thermal, in Riverside County, which is an east-west, two-lane, paved highway, 24 feet in width, with 6-foot unimproved shoulders, and is straight for approximately one-quarter mile west of the place of the accident. The defendant was driving

his automobile in an easterly direction on the paved portion of the road; was traveling 25 to 30 miles per hour; at no time before the accident, according to his testimony, did he see the boy; heard a loud noise; looked in the rear-view mirror; saw an object in the dirt to the rear; brought his car to a stop; got out and picked up the boy, who was unconscious; placed him in his automobile, and eventually took him to a hospital.

The investigating officer testified that he observed a 15-foot locked-wheel skidmark in the vicinity of the place where the defendant told him the accident occurred which began approximately one foot north of the south edge of the eastbound lane of the highway and continued in a sloping direction until it went off the paved portion of the roadway; that he found broken pieces of headlight lens along the roadway 30 feet from the east end of the skidmark; and that he observed a "disturbed" or "scuffed" area in the ground "such as an individual might make in moving around, or if you were to shuffle your feet, or any other movement that might cause it" on the unimproved shoulder of the highway approximately "thirty nine feet" west of the west edge of the beginning of the locked-wheel skid. The officer further testified that he was unable to establish a point of impact between the body of the boy and the defendant's automobile.

The boy had been sent by his mother to a store, and apparently was returning home when the accident occurred. He had been instructed by his father to stay off the "black-top" of the roadway. The father testified that there was a pathway along the side of the road, consisting of a hard dirt surface which "is the way everybody goes up, walks that line, off the black-top." The pretrial order notes as "MATTERS AGREED UPON OR ADMITTED" that: "On May 16, 1960, at or about 6:30 p.m., the minor, Martin Duenas, while walking east along or near Avenue 56, at a point approximately 0.4 miles east of State Highway 111, in the community of Thermal, was struck by an automobile owned and driven by defendant Ramon S. Domingo." The front right fender and headlight of the defendant's automobile were damaged, and it would appear from this fact that the boy was struck by this portion of the automobile. He died shortly after arriving at the hospital.

In response to the defendant's claim that the last clear chance doctrine was not applicable to the case at bar, because there is no proof that he had actual knowledge of the dangerous position of the plaintiffs' son prior to the acci-

dent, the plaintiffs contend that the defendant's view of the place of impact as he approached the same along the highway was unobstructed for one-quarter of a mile; that during this time their son was walking east along the paved portion of this highway; that he then was in a position of danger; that it may be inferred that the defendant must have seen him, and thus had actual knowledge of his dangerous position, even though the defendant denies seeing the boy at any time prior to impact. In support of their contention they cite the rule that a defendant's prior actual knowledge of the dangerous position of a person struck by his automobile may be established by circumstantial evidence. (*Selinsky* v. *Olsen*, 38 Cal.2d 102, 105 [237 P.2d 645]; *Bailey* v. *Wilson*, 16 Cal. App.2d 645, 648 [61 P.2d 68].) However, the fallacy in the plaintiffs' argument lies in their assumption that there is substantial evidence in support of the alleged fact that their son was on the paved portion of the highway during the time the defendant was approaching the place of impact. There is no evidence with respect to the boy's position at any time prior to the impact. The defendant admitted, as set forth in the pretrial order, that the boy was struck "while walking east along or near" the highway. This admission and the evidence in the case are sufficient to establish that the boy was walking east on the paved portion of the highway at the time he was struck, but is not sufficient to establish when or where he came upon that portion of the highway, or when or where he otherwise came into a position of danger with respect to the defendant's oncoming automobile. (*DiSandro* v. *Griffith, supra,* 188 Cal.App.2d 428, 436; *Kavner* v. *Holzmark,* 185 Cal.App.2d 138, 144 [8 Cal.Rptr. 145]; *Dalley* v. *Williams,* 73 Cal.App.2d 427, 435 [166 P.2d 595].)

"It is true that actual knowledge may sometimes be inferred, . . . but such inference can only be indulged in where from the evidence such inference is clear and positive. The inference may not be based on conjecture or speculation." (*Young* v. *Carlson,* 128 Cal.App.2d 743, 747 [276 P.2d 23]; *Rodabaugh* v. *Tekus,* 39 Cal.2d 290, 294 [246 P.2d 663].)

To assume that the plaintiffs' son placed himself in a position of danger at a time when the defendant, if he saw him, had a last clear chance to avoid the resulting accident involves sheer speculation. Under these circumstances, the refusal to instruct on the doctrine of last clear chance was proper.

The judgment is affirmed.

Griffin, P. J., and Stone, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 23, 1963. Tobriner, J., and Peek, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.